IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:20-cv-00537-GCM

In re:

KAISER GYPSUM COMPANY, INC. *et al.*,

Debtors.[1]

**JOINT OPPOSITION OF THE OFFICIAL COMMITTEE
OF ASBESTOS PERSONAL INJURY CLAIMANTS AND THE FUTURE
CLAIMANTS' REPRESENTATIVE TO THE EMERGENCY MOTION OF
TRUCK INSURANCE EXCHANGE FOR STAY PENDING APPEAL**

The Official Committee of Asbestos Personal Injury Claimants (the "**ACC**") and the Future Claimants' Representative (the "**FCR**"), by and through their undersigned counsel, hereby file this opposition to the *Emergency Motion of Truck Insurance Exchange for Stay Pending Appeal* (the "**Stay Motion**") (ECF No. 53).[2] For the reasons that follow, the Court should deny the Stay Motion.

**PRELIMINARY STATEMENT**

Continuing its years-long attempt to avoid fulfilling its insurance obligations, Truck Insurance Exchange ("**Truck**") now seeks a stay of confirmation pending appeal. But Truck cannot meet its burden on any element necessary for such a stay. First, Truck has not demonstrated that it is likely to succeed on the merits. Truck's Stay Motion does not address at all this Court's finding that it lacks standing, and instead repeats arguments this Court and the Bankruptcy Court

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Kaiser Gypsum Company, Inc. (0188) ("**Kaiser Gypsum**") and Hanson Permanente Cement, Inc. (7313) ("**Hanson Permanente**") (collectively, the "**Debtors**"). The Debtors' address is 300 E. John Carpenter Freeway, Irving, Texas 75062.

[2] References to ECF No. __ are to docket entries in the above-captioned case. References to Bankr. ECF No. __ are to docket entries in the Bankruptcy Court, Case No. 16-31602 (Bankr. W.D.N.C.).

previously rejected. Next, the only argument for irreparable harm that Truck advances is that its appeal could become equitably moot, but the majority of courts, including this one, have held that the chance that an appeal could become moot does not constitute irreparable harm. Finally, the balance of hardships and public interest support denying the Stay. Truck's attempt to further delay confirmation in a case that has lasted almost five years should be rejected, and the Stay Motion should be denied.

## FACTUAL BACKGROUND

On September 28, 2020, after months of discovery and briefing, and a multi-day confirmation hearing, the Bankruptcy Court lodged with this Court a detailed Order Recommending Entry of Proposed Findings of Fact and Conclusions of Law and Order Confirming Joint Plan of Reorganization (ECF No. 1) (the "**Proposed Findings of Fact**"). Thereafter, this Court set a briefing schedule for Truck to file its brief in opposition to the Proposed Findings of Fact and for the Plan Proponents to file their responses. Scheduling Order, ECF No. 20. After receiving lengthy briefing from Truck and the Plan Proponents, this Court set a hearing on the Proposed Findings of Fact for June 25, 2021. Order, ECF No. 47. The hearing featured several hours of argument, and on July 28, 2021 this Court entered its own Findings of Facts and Conclusions of Law (ECF No. 51) (the "**Court's Findings of Fact**") and an Order Confirming the Joint Plan (ECF No. 52) (the "**Confirmation Order**"). This Court's ruling adopted the findings of the Bankruptcy Court and rejected Truck's objections to the Plan. *See id.* On July 30, 2020, Truck filed the Stay Motion, which restated arguments previously made and rejected by the Bankruptcy Court and this Court.

## ARGUMENT

Truck's Stay Motion should be denied. Although courts in the Fourth Circuit have applied two different tests to evaluate a stay pending appeal, Truck's Stay Motion fails under either test.

2

"The decision whether to grant a stay pending appeal lies within the sound discretion of the court, and 'the burden on the movant seeking the extraordinary relief of a stay is a "heavy" one.'" *In re Franklin*, No. 19-80661, 2020 WL 603900, at *3 (Bankr. M.D.N.C. Feb. 6, 2020) (quoting *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 143 (Bankr. S.D.N.Y. 2016)). Truck does not meet this burden.

Traditionally, when determining whether a stay should be granted, courts have held "that the preliminary injunction standard applies to issuance of a stay pending appeal." *In re Schweiger*, 578 B.R. 734, 736 (Bankr. D. Md. 2017) (citing *In re Convenience USA, Inc.*, 290 B.R. 558, 561 (Bankr. M.D.N.C. 2003)). The Supreme Court has recognized that the traditional factors to be weighed are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citation and quotation marks omitted). The first two factors are the "most critical," but all factors must be balanced against each other. *Id.*; *see also Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

However, the Fourth Circuit revised the test applied to preliminary injunctions in *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted, judgment vacated on other grounds*, 559 U.S. 1089 (2010), and *adhered to in part sub nom. Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010). This new test requires that the moving party establish *each* of the following four factors: (1) likelihood of success on the merits, (2) irreparable harm in the absence of relief, (3) the balance of equities tips in its favor, and (4) a stay is in the public interest. *Id.* at 347. Under the traditional test, courts balance four factors, but under the revised test, the failure to satisfy any of the four elements warrants denial of the motion.

*Id.* Following this ruling, several courts within the Fourth Circuit have applied this more stringent test to motions for a stay pending appeal. *See, e.g., Chetola Severn, LLC v. Bank of Granite*, No. 5:11-CV-82, 2011 WL 3156542, at *1 (W.D.N.C. July 26, 2011) (noting that "failure to satisfy any of the four factors is sufficient grounds to deny the requested stay" of the bankruptcy court's order); *Bate Land Co., LP v. Bate Land & Timber, LLC*, No. 7:16-CV-23-BO, 2016 WL 3582038, at *1 (E.D.N.C. June 28, 2016) (noting that the movant "must demonstrate *each* of the . . . four factors"); *BDC Cap., Inc. v. Thoburn Ltd. P'ship*, 508 B.R. 633, 637-38 (E.D. Va. 2014) ("All four requirements must be satisfied."); *In re Retail Grp., Inc.*, No. 20-33113-KRH, 2021 WL 2188929, at *6 (Bankr. E.D. Va. May 28, 2021) (same); *Patterson v. Mahwah Bergen Retail Grp., Inc.*, No. 3:21CV167 (DJN), 2021 WL 2653732, at *4 (E.D. Va. June 28, 2021) ("The movant must satisfy all four requirements."); *Dale v. Butler*, No. 7:20-CV-184-BR, 2021 WL 1305391, at *2 (E.D.N.C. Apr. 2, 2021) ("The movant must make a clear showing on each factor; the court does not engage in [a] balancing test."); *but see Sierra Club v. U.S. Army Corps of Eng'rs*, 981 F.3d 251, 256 (4th Cir. 2020) (applying the traditional standard to a motion to stay a federal agency's determination pending appeal).[3]

This more stringent approach should apply because, like a preliminary injunction, a stay pending appeal is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *BDC Cap., Inc.*, 508 B.R. at 636 (internal quotation marks omitted) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). Regardless of which test is used, however, Truck has not met its burden of proving that a stay pending appeal is warranted.

---

[3] *Sierra Club* did not acknowledge or discuss the Fourth Circuit's updated test; instead, it simply applied the traditional balancing test without comment. *See* 981 F.3d at 264. Subsequent cases have still required the movant to satisfy all four elements to receive a stay pending appeal. *See Retail Grp., Inc.*, 2021 WL 2188929, at *6; *Patterson*, 2021 WL 2653732, at *7; *Dale*, 2021 WL 1305391, at *2.

## I. TRUCK CANNOT SUCCEED ON THE MERITS

Truck cannot establish that it is likely to succeed on the merits. First, Truck's Stay Motion does not address at all this Court's finding that it lacks standing. As this Court stated:

> Because the Plan is insurance neutral and returns Truck to the tort system exactly as it was prepetition, Truck does not have standing to advance confirmation issues such as contentions that: the Plan is collusive and not in good faith; the Debtors are not entitled to a discharge; or the elements of 11 U.S.C. § 524(g) are not met. Truck also lacks standing to object to the structure and funding of the Asbestos Personal Injury Trust because Truck has no interest in the trust and the trust will have no effect on its legal or pecuniary interests.

Confirmation Order, at 18-19. Moreover, Truck says nothing whatsoever about how it would establish appellate standing. The test for bankruptcy appellate standing is notably more stringent than the test for Article III standing, requiring that the party be "directly and adversely affected pecuniarily." *In re Urb. Broad. Corp.*, 401 F.3d 236, 243 (4th Cir. 2005) (internal quotation marks omitted) (quoting *U.S. Trustee v. Clark*, 927 F.2d 793, 795 (4th Cir. 1991)).

Because Truck is unlikely to overcome these threshold standing issues, Truck will not succeed on the merits, and a stay pending appeal is improper. *See Rose v. Logan*, No. BR 12-25471-RAG, 2014 WL 3616380, at *3 (D. Md. July 21, 2014) ("In addition, this Court found that Appellant did not have standing to bring an appeal, and thus, Appellant will likely not succeed on the merits of an appeal in the Fourth Circuit based on this threshold question."); *In re Blackwater Enters, Inc.*, No. 12-25471-RAG, 2013 WL 6628397, at *7 n.13 (Bankr. D. Md. Dec. 17, 2013) (denying a motion for stay pending appeal and noting that the movant's standing is an "additional hurdle to . . . [his] success upon the merits"); *In re Gulf States Steel, Inc. of Alabama*, 285 B.R. 739, 742 (Bankr. N.D. Ala. 2002) (finding no likelihood of success on the merits where the movant lacked standing to appeal).

Passing over standing in silence, Truck instead repeats several of its previously-rejected arguments, contending that it has raised "substantial legal questions." Stay Motion at 9. But Truck

fails to show that these arguments are likely to succeed on the merits at the appellate level. As the Supreme Court explained, "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434 (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)). Instead, the movant must make a strong showing that it is likely to succeed on appeal. *See BDC Cap., Inc.*, 508 B.R. at 638 ("[T]he standard for a stay requires that . . . [the movant] has the burden to show that it is *likely to succeed* as compared to being just as likely to succeed as the other parties."); *In re Brown*, 354 B.R. 100, 110 (Bankr. N.D. W. Va. 2006) ("[O]n an application for a stay or injunction pending appeal, one of the considerations should be whether the petitioner has made a strong showing that he is likely to prevail on the merits of his appeal." (internal quotation marks omitted) (quoting *Miltenberger v. Chesapeake & O.R. Co.*, 450 F.2d 971, 974 (4th Cir. 1971))).

Here, Truck offers nothing to suggest the outcome on appeal will be any different than it was before. Truck reasserts its argument that the bankruptcy plan was proposed in bad faith.[4] Bad faith is a factual finding that is reviewed for clear error. *See Behrmann v. Nat'l Heritage Found.*, 663 F.3d 704, 709 (4th Cir. 2011) ("[A] court's finding with respect to the good faith requirement imposed under 11 U.S.C. § 1129(a)(3) is reviewed for clear error."); *In re John Richards Homes Bldg. Co., L.L.C.*, 439 F.3d 248, 254 (6th Cir. 2006) (bad faith is reviewed for clear error). Where the stay pending appeal turns upon a court's finding of fact, it is difficult to show that a stay pending appeal will succeed on the merits. *See Yucaipa Corp. Initiatives Fund, ILP v. Piccadilly Rests., LLC*, No. CIV.A. 14-0609, 2014 WL 1871889, at *3 (W.D. La. May 6, 2014) ("Given this deferential standard of review, it is difficult for an appellant to obtain a stay pending pursuit of an

---

[4] *See* Resp. of Official Comm. of Asbestos Personal Injury Claimants to Truck's Obj. to Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law, at 13-26, ECF No. 33 (the "**ACC Response**") for a full rebuttal of Truck's argument that the Plan was proposed in bad faith.

appeal that hinges primarily upon invalidating a bankruptcy court's finding of fact."). Following extensive briefing and argument from both sides, the Bankruptcy Court found that the Plan was proposed in good faith, a finding that this Court confirmed. Therefore, Truck's restated claims of bad faith have little chance of succeeding on appeal.

Next Truck rehashes its argument that the Plan allegedly violates the express requirements of § 524(g) and that the Plan Finding should not have been entered.[5] Reiterating arguments this Court previously rejected does not meet the standard. *See Rose*, 2014 WL 3616380, at *3 (denying a motion to lift stay where the movant "does little to counter those findings, but simply repeats the contentions previously considered"). Truck cites no case law for its argument that the Plan violates § 524(g)(2)(B)(i)(I) and (IV) or § 524(g)(2)(B)(ii)(I) and (III). *See BDC Cap., Inc.*, 508 B.R. at 637-38 (finding no likelihood of success where the movant failed to cite case law supporting its position and stating that it was insufficient to argue that the lack of applicable case law rendered it as likely as any other party to succeed on appeal). Finally, regarding Truck's claim that the $1 million note violates § 524(g)(2)(B)(i)(II) and (III), this Court has approved similar relief in other cases. *See In re Garlock Sealing Techs. LLC*, No. 3:17-cv-00275-GCM, 2017 WL 2539412, at *20 (W.D.N.C. June 12, 2017). Likewise, other courts have noted that a trust's right to own the reorganized debtor is less meaningful when, as here, the note secured by equity is a "small part of the overall funding package." *In re Congoleum Corp.*, 362 B.R. 167, 177-78 (Bankr. D.N.J. 2007). Where bankruptcy courts have confirmed plans with terms similar to those challenged and the movant does not present evidence any of those were overturned, it is difficult for the movant to show a likelihood of success on the merits of its appeal. *See Patterson*, 2021 WL 2653732, at *7.

---

[5] *See* ACC Response, at 35-39 for a full rebuttal of Truck's argument that the Plan violates § 524(g) and the Plan Finding should not be entered.

In short, Truck ignores key reasons it cannot succeed on appeal and at best repeats rejected arguments. Accordingly, Truck has failed to show that it is likely to succeed on the merits.

## II. TRUCK WILL NOT SUFFER IRREPARABLE HARM

Truck's only argument for irreparable harm is that its appeal may be equitably mooted. But, as this Court has held before, "it is well established that standing alone, the potential for an appeal to be rendered moot does not constitute irreparable harm." *Zurich Am. Ins. Co. v. Tessler*, No. 03-33532, 2006 WL 983896, at *1 (W.D.N.C. Apr. 12, 2006) (Mullen, J.). The Fourth Circuit has not ruled on the issue, but this Court's ruling in *Zurich* adopted the majority opinion of the courts in this circuit that the risk of an appeal being mooted does not create irreparable harm. *Id. See, e.g.*, *In re MAC Panel Co.*, No. 98-10952C-11G, 2000 WL 33673784, at *4 (Bankr. M.D.N.C. Mar. 8, 2000) ("It appears that a majority of the cases which have considered the issue have found that the risk that an appeal may become moot does not, standing alone, constitute irreparable injury."); *In re Alpha Nat. Res., Inc.*, 556 B.R. 249, 264 (Bankr. E.D. Va. 2016) ("[T]he fact that an appeal may become moot without a stay does not alone constitute irreparable harm." (internal citation and quotation marks omitted)); *BDC Cap., Inc.*, 508 B.R. at 639 ("[T]he possibility that the appeal would become equitably moot does not constitute irreparable injury."); *In re Kent*, 145 B.R. 843, 844 (Bankr. E.D. Va. 1991) (allegation that foreclosure will render appeal moot "is not sufficient, by itself, to establish irreparable injury").[6]

---

[6] The proposition has wide support elsewhere as well. *See, e.g.*, *SR Constr. Inc. v. Hall Palm Springs, LLC*, No. 3:20-CV-3487-B, 2020 WL 7047173, at *3 (N.D. Tex. Dec. 1, 2020) ("[T]he risk of mooting a bankruptcy appeal, standing alone, does not constitute irreparable harm warranting a stay."); *Yucaipa*, 2014 WL 1871889, at *4 ("Courts have consistently held the risk of equitable mootness alone does not establish the irreparable injury needed to obtain a stay pending appeal."); *In re W.R. Grace & Co.*, 475 B.R. 34, 207-08 (D. Del. 2012) ("[I]f equitable mootness alone could serve as the basis of irreparable injury, a stay would be issued in every case of this nature pending appeal."), *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013), and *aff'd*, 532 F. App'x 264 (3d Cir. 2013), *and aff'd*, 729 F.3d 311 (3d Cir. 2013).

Truck cites just one case in this circuit where a court found that equitable mootness can result in irreparable harm, and that court relied entirely on out-of-circuit cases. *See CWCapital Asset Mgmt., LLC v. Burcam Cap. II, LLC*, No. 5:13-CV-278-F, 2013 WL 3288092, at *7 (E.D.N.C. June 28, 2013) (noting that its decision "is at odds with a number of bankruptcy decisions in this circuit"). Instead, Truck leans heavily on *In re Adelphia Commc'ns Corp.*, 361 B.R. 337 (S.D.N.Y. 2007), to argue that a stay is warranted. But that case is inapposite. First, *Adelphia* itself recognizes that "[a] majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." *Id.* at 347. Moreover, *Adelphia* is simply not applicable to the present case. In *Adelphia*, the district court stayed the case pending appeal primarily because it was concerned that the bankruptcy court had violated its own order when it granted a noteholder committee standing to settle inter-company claims and then approved a settlement that a majority of the committee opposed. *Id.* at 355-57. Additionally, the district court found a high probability that multiple debtors were improperly substantively consolidated, which violated the rights of creditors of individual debtors. *Id.* at 360-62. No similar circumstances exist in this case.

Nor has Truck articulated any other harm likely to befall it during appeal. This Court specifically found that Truck would be in no worse position under the confirmed Plan than it would have been pre-petition. *See* Court's Findings of Fact, at 51 ("[T]he Plan neither increases Truck's obligations nor impairs its prepetition contractual rights under the Truck Policies. The Plan simply restores Truck to its position immediately prior to the Petition Date."). No harm, much less irreparable harm, can befall an appellant if that appellant will be in no worse position than currently exists absent the stay. *Cf. Finisar Corp. v. DirecTV Grp., Inc.*, No. 1:05-CV-264, 2006 WL 7350655, at *2 (E.D. Tex. Sept. 27, 2006) (finding no irreparable harm where a company was in

"no worse position" than before a lawsuit was filed against it). Therefore, the Court should deny the Stay Motion.

### III. THE BALANCE OF HARMS FAVORS DENYING THE STAY MOTION

As noted above, Truck has not identified any harm to itself whatsoever justifying a stay pending appeal. On the other hand, both the Debtors and creditors in this case will suffer harm from a delay. Courts in this circuit have stated that the "delay before any plan could be implemented" is a hardship that weighs in favor of denying the stay. *E.g.*, *In re MAC Panel Co.*, 2000 WL 33673784, at *5. Appeals can take years. *Id.* Without a confirmed plan in operation, the Debtors will be required to the pay the fees and expenses attendant to the ongoing bankruptcy case. In addition, the Debtors entered into a settlement with the Oregon Department of Environmental Quality over two years ago to pay for environmental remediation costs, which cannot be paid until the plan becomes effective. Debtors' Motion for an Order Approving Settlement with Or. Dep't of Env't Quality, Bankr. ECF No. 1595; Order Approving Settlement with Or. Dep't of Env't Quality, Bankr. ECF No. 1625. Delay of this environmental settlement payment harms not only creditors, but the public as well. With respect to asbestos creditors, the Plan makes uninsured claims the responsibility of the § 524(g) trust contemplated by the Plan, and that Trust cannot become operational until after the appeal concludes if a stay pending appeal is entered. The Fourth Circuit has noted that a delay in paying asbestos claimants works "manifest injustice" to those claimants. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 128 (4th Cir. 1983). For these reasons, the balance of hardships favors denying the Stay Motion.

### IV. NO PUBLIC INTEREST WILL BE SERVED BY GRANTING THE STAY

The public interest factor requires this Court to "consider and balance the goal of efficient case administration and the right to a meaningful review on appeal." *Patterson*, 2021 WL 2653732, at *11 (internal citation and quotation marks omitted). Courts recognize the strong

public "need for finality of decisions, especially in a bankruptcy proceeding." *In re Calpine Corp.*, 2008 WL 207841, at *7 (Bankr. S.D.N.Y. 2008) (internal quotation marks omitted) (citing *In re Twenty-Six Realty Assocs., L.P.*, No. 95 CV 1262, 1995 WL 170124, at *16 (E.D.N.Y. Apr. 4, 1995)); *see also First Nat'l Bank of Maryland v. Markoff*, 70 B.R. 264, 265 (S.D.N.Y. 1987) (recognizing the "public interest in timeliness and finality of bankruptcy proceedings"). This bankruptcy has been pending for nearly five years. In this case, the public interest in finality weighs heavily in favor of denying the Stay Motion.

Moreover, Truck's appeal does not seek to vindicate a public interest, but rather the private interest of one insurance company in limiting its exposure to asbestos claims. As this Court noted, "[b]ankruptcy is not intended to relieve insurers of their contractual liabilities, or to improve their position under their insurance contracts in the tort system." Court's Findings of Fact, at 26. Therefore, the public interest factor militates strongly in favor of denying a stay pending appeal.

## CONCLUSION

For the foregoing reasons, Truck satisfies none of the four elements for a stay pending appeal. Accordingly, this Court should deny Truck's Stay Motion.

Dated: August 5, 2021

Respectfully submitted,

| | |
|---|---|
| CAPLIN & DRYSDALE, CHARTERED | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

*/s/ Kevin C. Maclay*
Kevin C. Maclay, Esq. (admitted *pro hac vice*)
Todd E. Phillips, Esq. (admitted *pro hac vice*)
James P. Wehner, Esq. (admitted *pro hac vice*)
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
Telephone: (202) 862-5000
Email: kmaclay@capdale.com
      tphillips@capdale.com
      jwehner@capdale.com

-and-

HIGGINS & OWENS, PLLC
Sara (Sally) W. Higgins (NC Bar No. 22111)
Raymond E. Owens, Jr. (NC Bar No. 8439)
524 East Blvd.
Charlotte, NC 28203
Telephone: (704) 366-4607
Email: shiggins@higginsowens.com
      rowens@higginsowens.com

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

-and-

ANDERSON KILL PC
Robert M. Horkovich (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020-1182
Telephone: (212) 278-1000
Email: rhorkovich@andersonkill.com

*Special Insurance Counsel for the Official Committee of Asbestos Personal Injury Claimants*

*/s/ Edwin J. Harron*
James L. Patton, Jr. (Del. Bar No. 2202)
Edwin J. Harron (Del. Bar No. 3396)
Sharon M. Zieg (NC Bar No. 29536)
Sara Beth A.R. Kohut (Del. Bar No. 4137)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: jpatton@ycst.com
      eharron@ycst.com
      szieg@ycst.com
      skohut@ycst.com

-and-

ALEXANDER RICKS PLLC
Felton E. Parrish (NC Bar No. 25448)
John M. "Jack" Spencer (NC Bar No. 56725)
1420 East 7th Street, Suite 100
Charlotte, NC 28204
Telephone: 704-365-3656
Email: felton.parrish@alexanderricks.com
      jack.spencer@alexanderricks.com

*Counsel for Lawrence Fitzpatrick, the Future Claimants' Representative*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were served by electronic notification on those parties registered with the United States District Court, Western District of North Carolina, electronic case filing system to receive notices for this case.

This the 5th day of August, 2021.

/s/ *Felton E. Parrish*
Felton E. Parrish (N.C. Bar No. 25448)
ALEXANDER RICKS PLLC
1420 East 7th Street, Suite 100
Charlotte, NC 28204
Telephone: 704-365-3656
Email: felton.parrish@alexanderricks.com

*Counsel to the Future Claimants' Representative*