IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV537-GCM

| In re: | ) | |
|---|---|---|
| | ) | |
| KAISER GYPSUM COMPANY, INC. *et al*., | ) | |
| | ) | ORDER |
| Debtors. | ) | |
| | ) | |

This matter is before the Court upon Truck Insurance Exchange's Emergency Motion for Stay Pending Appeal, filed July 30, 2021. (Doc. No. 53). Truck seeks to have the Court stay the Confirmation Order entered on July 28, 2021 (Doc. No. 52) pending Truck's appeal in the Fourth Circuit. The Official Committee of Asbestos Personal Injury Claimants, the Future Claimants' Representative, and the Debtors have filed objections to Truck's Motion.

"The decision whether to grant a stay pending appeal lies within the sound discretion of the court, and the burden on the movant seeking the extraordinary relief of a stay is a heavy one." *In re Franklin*, No. 19-80661, 2020 WL 603900, at *3 (Bankr. M.D.N.C. 2020). A stay "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *BDC Cap., Inc. v. Thoburn Ltd. P'ship*, 508 B.R. 633, 636 (E.D. Va. 2014) (internal quotation marks omitted) (quoting *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22 (2008)).

When determining whether a stay should be granted, courts have held "that the preliminary injunction standard applies to issuance of a stay pending appeal." *In re Schweiger*, 578 B.R. 734, 736 (Bankr. D. Md. 2017) (citing *In re Convenience USA, Inc*., 290 B.R. 558, 561 (Bankr. M.D.N.C. 2003)). Accordingly, the movant must establish each of the following four factors: (1) likelihood of success on the merits, (2) irreparable harm in the absence of relief, (3) the balance of equities tips in its favor, and (4) a stay is in the public

1

interest. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009), *cert. granted*, *judgment vacated on other grounds*, 559 U.S. 1089 (2010), and *adhered to in part sub nom. Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010). Failure to satisfy any of the four elements warrants denial of the motion. *See*, *e.g.*, *Chetola Severn, LLC v. Bank of Granite*, No. 5:11-CV-82, 2011 WL 3156542, at *1 (W.D.N.C. July 26, 2011) (noting that "failure to satisfy any of the four factors is sufficient grounds to deny the requested stay" of the bankruptcy court's order); *Bate Land Co., LP v. Bate Land & Timber, LLC*, No. 7:16-CV-23-BO, 2016 WL 3582038, at *1 (E.D.N.C. June 28, 2016) (noting that the movant "must demonstrate each of the . . . four factors"); *Dale v. Butler*, No. 7:20-CV-184-BR, 2021 WL 1305391, at *2 (E.D.N.C. Apr. 2, 2021) ("The movant must make a clear showing on each factor; the court does not engage in [a] balancing test.").

Truck has failed to meet its heavy burden. In its Motion, Truck merely repeats its previously rejected arguments in an attempt to establish that it is likely to succeed on the merits. Moreover, Truck ignores the threshold barrier to its success–standing. Both this Court and the Bankruptcy Court expressly found that Truck lacked standing to contest confirmation of the Plan except on the basis of insurance neutrality. Because Truck is unlikely to overcome threshold standing issues, it is unlikely to succeed on the merits of its appeal.

Truck has likewise failed to establish that it will suffer irreparable harm in the absence of a stay. Truck's only argument is that its appeal may be equitably mooted. However, "it is well established that standing alone, the potential for an appeal to be rendered moot does not constitute irreparable harm." *Zurich Am. Ins. Co. v. Tessler*, No. 03-33532, 2006 WL 983896, at *1 (W.D.N.C. Apr. 12, 2006). In addition, this Court specifically found that Truck would be in no worse position under the confirmed Plan than it would have been pre-petition. *See* Court's

2

Findings of Fact, at 51 ("[T]he Plan neither increases Truck's obligations nor impairs its prepetition contractual rights under the Truck Policies. The Plan simply restores Truck to its position immediately prior to the Petition Date.").

Unlike Truck, both the Debtors and creditors in this case will suffer harm from a delay. Courts in this circuit have stated that the "delay before any plan could be implemented" is a hardship that weighs in favor of denying the stay. *E.g.*, *In re MAC Panel Co.*, No. 98-10952C-11G, 2000 WL 33673784, at *5 (Bankr. E.D. Va. 2016). Appeals can take years. *Id*. Without a confirmed plan in operation, the Debtors will be required to the pay the fees and expenses attendant to the ongoing bankruptcy case. In addition, the Debtors entered into a settlement with the Oregon Department of Environmental Quality over two years ago to pay for environmental remediation costs, which cannot be paid until the plan becomes effective. Delay of this environmental settlement payment harms not only creditors, but the public as well. With respect to asbestos creditors, the Plan makes uninsured claims the responsibility of the § 524(g) trust contemplated by the Plan, and that Trust cannot become operational until after the appeal concludes if the Court enters a stay pending appeal. The Fourth Circuit has noted that a delay in paying asbestos claimants works "manifest injustice" to those claimants. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 128 (4th Cir. 1983).

Granting a stay would not be in the public interest either. This factor requires this Court to "consider and balance the goal of efficient case administration and the right to a meaningful review on appeal." *Patterson v. Mahwah Bergen Retail Grp., Inc.*, No. 3:21CV167 (DJN), 2021 WL 2653732, at *11 (E.D. Va. June 28, 2021) (internal citation and quotation marks omitted). Courts recognize the strong public "need for finality of decisions, especially in a bankruptcy proceeding." *In re Calpine Corp.*, 2008 WL 207841, at *7 (Bankr. S.D.N.Y. 2008) (internal

quotation marks omitted) (citing *In re Twenty-Six Realty Assocs., L.P.*, No. 95 CV 1262, 1995 WL 170124, at *16 (E.D.N.Y. Apr. 4, 1995)); *see also First Nat'l Bank of Maryland v. Markoff*, 70 B.R. 264, 265 (S.D.N.Y. 1987) (recognizing the "public interest in timeliness and finality of bankruptcy proceedings"). This bankruptcy has been pending for nearly five years. The Court finds that the public interest in finality weighs heavily in favor of denying the Motion.

Because the Court finds that Truck has failed to meet its heavy burden as to any of these factors,

IT IS THEREFORE ORDERED that Truck's Emergency Motion for Stay Pending Appeal is hereby DENIED.

Signed: August 6, 2021

Graham C. Mullen
United States District Judge